UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALLAN WINN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00826-WTL-TAB |
| | ) | |
| LT. DONALD WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Granting Motion for Summary
Judgment and Directing Entry of Final Judgment**

Allan Winn filed this action on March 14, 2018, contending that his civil rights were violated while he was incarcerated in the Indiana Department of Correction ("IDOC"). Mr. Winn claims that the defendant used excessive force against him on October 22, 2017, as Mr. Winn left the chow hall.

The defendant moved for summary judgment arguing that Mr. Winn failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this lawsuit. Mr. Winn has not responded to the motion and the time to do so has passed, leaving the defendant's motion unopposed. For the reasons that follow, the defendant's motion for summary judgment, Dkt. No. 15, is **granted.**

**Summary Judgment Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court views the facts in the light most favorable to the

non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

As noted above, Mr. Winn failed to respond to the defendant's motion for summary judgment, and the deadline for doing so has passed. The consequence is that Mr. Winn has conceded the defendant's version of the events. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

Accordingly, the following facts, unopposed by Mr. Winn and supported by admissible evidence, are accepted as true.

**Facts**

At all times relevant to his complaint, Mr. Winn was confined by the IDOC at Pendleton Correctional Facility ("Pendleton"). The IDOC has an inmate grievance process which is intended to permit inmates to resolve concerns and complaints relating to their conditions of confinement prior to filing suit in court. As an inmate at Pendleton, Mr. Winn had access to the inmate grievance process. According to the IDOC inmate grievance process policy, upon an inmate's entry into the IDOC, he is advised of the grievance process and how to obtain the policy.

The amended inmate grievance process policy came into effect in October 1, 2017, a few weeks before the events alleged in Mr. Winn's complaint. The process described in the amended policy consists of four steps: an informal attempt to resolve the issue, submission of a formal grievance on a written form, a written appeal to the warden or designee, and finally a written appeal to the grievance manager.

The informal process is initiated by the inmate. If the inmate is dissatisfied with the outcome of the informal process, he may file a formal grievance within ten days of the event or circumstance grieved. The grievance specialist must respond to the formal grievance by either returning it if it does not comply with the grievance policy, or by providing a receipt for an accepted form.

If the inmate is dissatisfied with the outcome of the formal grievance, the initial appeal to the warden or designee must be submitted within five days of the inmate's receipt of the response to the formal grievance. Similarly, if the first appeal does not satisfactorily resolve the inmate's concern, then after receipt of the initial appeal response, the inmate must forward the same document to the grievance specialist within five days for review by the grievance manager.

The IDOC's grievance records for Mr. Winn reflect that he has not filed any formal grievances while incarcerated in the IDOC. He filed two requests for interview on November 16, 2017, regarding the allegations contained in his complaint. Dkt. No. 16-3. One request for interview alleges that Lt. Williams used excessive force against Mr. Winn on October 22, 2017. The other states that Mr. Winn tried to informally resolve his complaint with Lt. Williams but received no response. The grievance specialist responded that Lt. Williams did not receive an informal grievance and that Mr. Winn should send his request for interview to Lt. Williams. *Id*.

## Discussion

The defendant argues that Mr. Winn failed to exhaust his available administrative remedies as required by the PLRA with respect to his claims against him. The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner*, 532 U.S. 731, 741, n.6 (2001); *McCarthy v. Madigan*, 503 U.S. 140, 112 S. Ct. 1081 (1992) ("Where Congress specifically mandates, exhaustion is required.").

The defendant has shown that Mr. Winn failed to avail himself of all administrative remedies before filing this civil action. Although there is evidence that Mr. Winn attempted to informally grieve the incident and attempted to follow-up when he did not receive a response from the defendant, Mr. Winn did not proceed to file a formal grievance or complete the other steps of the grievance process.

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Winn's action should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

**Conclusion**

The defendant's motion for summary judgment, Dkt. No. 15, is **granted**. Final judgment in accordance with this Entry shall issue at this time.

**IT IS SO ORDERED.**

Date: 8/30/18

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ALLAN WINN
249481
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Jonathan Paul Nagy
INDIANA ATTORNEY GENERAL
jonathan.nagy@atg.in.gov

Christine Potter Wolfe
INDIANA ATTORNEY GENERAL
christine.wolfe@atg.in.gov